IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. _____

TWIN CITY FIRE INSURANCE COMPANY        PLAINTIFF

v.

M. SCOTT MATTMILLER

AND

BULLOCK & COFFMAN, LLP

AND

ERIKA ASHLEY JONES

AND

CHASE JONES

AND

ESTATE OF MARION C. JONES        DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Twin City Fire Insurance Company ("Twin City"), for its Complaint for Declaratory Judgment against Defendants, M. Scott Mattmiller, Bullock & Coffman, LLP, Erika Ashley Jones, Chase Jones, and the Estate of Marion C. Jones, states as follows:

## STATEMENT OF THE CASE

This action seeks a declaration, pursuant to 28 U.S.C. § 2201 and FRCP 57, Twin City is not obligated to defend or indemnify M. Scott Mattmiller or Bullock & Coffman, LLP for claims asserted by Erika Ashley Jones and Chase Jones because the claims arise out of Mattmiller's negligent act while rendering professional legal services at Bullock & Coffman LLP; the negligent

10073679v.1

act occurred prior to the inception date of the policy issued by Twin City; and Mattmiller knew or could have reasonably foreseen prior to the inception date of the policy that his negligent act might be expected to be the basis of a claim rendering the claims at issue excluded.

## PARTIES

1. Twin City is an insurance company formed under the laws of the State of Indiana with its principal place of business in Connecticut. Twin City is in the business of issuing insurance policies, including insurance policies the Commonwealth of Kentucky.

2. M. Scott Mattmiller is, and was at all times relevant, a citizen of the Commonwealth of Kentucky.

3. Bullock & Coffman, LLP ("Bullock") is, and was at all times relevant, a Kentucky RUPA Limited Liability Partnership with its principal place of business in Kentucky. All partners of Bullock are, and at all times relevant, were Kentucky citizens.

4. Erika Ashley Jones ("Erika Ashley") is, and was at all times relevant, a citizen of the Commonwealth of Kentucky and is joined herein as an interested party to be bound by the judgment of this Court.

5. Chase Jones ("Chase") is, and was at all times relevant, a citizen of the Commonwealth of Kentucky and is joined herein as an interested party to be bound by the judgment of this Court.

6. The Estate of Marion C. Jones ("Estate") is a Kentucky estate being administered in Jessamine County, Kentucky. Jana Ison is the Executrix of the Estate and is also a Kentucky citizen. The Estate is joined herein as an interested party to be bound by the judgment of this Court.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost.

8. Venue is proper pursuant to 28 U.S.C. § 1391 as the case concerns coverage under an insurance policy issued to an insured in this District.

## FACTS

9. On or about March 15, 2012, Marion C. Jones ("Marion") contacted Mattmiller, who, at that time, was an attorney at Bullock and requested a Last Will and Testament ("Jones Will") be prepared.

10. Mattmiller then prepared the testamentary documents, including the Jones Will Marion requested.

11. During the process of preparing the Jones Will, the following provision was included:

> I hereby give, bequeath, devise and distribute all cash proceeds and residual from the sale and liquidation identified in Article IV (1) above as follows: thirty percent (70%) to my companion, Erika Ashley, per stirpes and seventy percent (30%) to my child, Chase Jones, per stirpes.

*See Last Will and Testament of Marion C. Jones*, Article IV (2), attached as **Exhibit 1**.

12. Marion executed the Jones Will on June 6, 2012.

13. Marion died on August 12, 2018. *See Certificate of Death*, attached as **Exhibit 2**.[1]

---

[1] Marion's date of birth, social security number, and cause of death have been redacted from the Death Certificate.

14. Sometime before August 27, 2018, Tommy Todd ("Todd"), counsel for the Estate, identified an error in Article IV (2) regarding the percentage distribution of Marion's Estate to Erika Ashley and/or Chase. In an August 27, 2018 letter to Todd, Mattmiller acknowledged Mr. Todd had "identified an apparent ambiguity" in the percentage distribution of Marion's Estate to Erika Ashley and/or Chase.

15. On or about May 3, 2019, Mattmiller provided an initial Notice of Claim to Twin City.

16. On May 8, 2019, Twin City sent a letter to Mattmiller acknowledging receipt of his May 3, 2019 letter.

17. On May 16, 2019, Twin City sent a reservation of rights letter to Mattmiller and copied his former law firm, Bullock.

18. On or about June 11, 2019, counsel for Erika Ashley sent a letter to Mattmiller's former counsel, David Klapheke, making a settlement demand alleging he negligently prepared the Jones Will by failing to properly set forth the correct distribution percentages to her in the Jones Will, causing her certain damages.

19. On or about June 26, 2019, counsel for Chase sent a letter to Twin City and made a settlement demand concerning Mattmiller's alleged negligent act by failing to properly set forth distribution percentages to him in the Jones Will, causing him damages.

20. On August 8, 2019, Twin City sent a supplemental reservation of rights letter to Mattmiller.

21. On August 8, 2019, Twin City sent a separate and supplemental reservation of rights letter to Bullock.

10073679v.1

## TWIN CITY POLICY

22. On or about September 1, 2018, Twin City issued a Lawyers' Professional Liability Insurance Policy, Policy No. LS 1621243 (the "Policy"), to Bullock & Coffman, LLP with a policy period from September 1, 2018 to September 1, 2019. A copy of the Policy is attached as **Exhibit 3**.

23. The Coverage Agreement in the Policy provides, in part, as follows:

> **A.   COVERAGE AGREEMENT**
>
> We will pay on behalf of an **insured,** subject to the **limit of liability**, such **damages** and **claims expenses** in excess of the applicable deductible for **claims** made during the **policy period** or applicable **extended reporting period** and reported in writing to us immediately, but in no event later than sixty (60) calendar days after the expiration date of the **policy period** or applicable **extended reporting period**. The **damages** must arise out of a negligent act, error, omission or **personal injury** in the rendering of or failure to render **professional legal services** for others by you or on your behalf provided always that the negligent act, error, omission or **personal injury** occurs on or after the **retroactive date** as stated in the Declarations.

*See Ex. 3*, p. 1 of 10 (emphasis in original).

24. The Policy defines "Claim," in part, as follows:

> 2. **Claim** means:
>
>   a. A demand received by an **insured** for money or services alleging a negligent act, error, omission or **personal injury** in the rendering of or failure to render **professional legal services** or **non-profit services** for others by you or on your behalf;

*See Ex. 3*, p. 1 of 12 (emphasis in original).

25. The Policy defines "Insured," in part, as follows:

> 7. **Insured** means:
>
>   a. The **named insured** and **predecessor firm(s);**

  b. Any lawyer who was, is now or hereafter becomes a principal, officer, director, employee, principal shareholder or member of yours, but only while acting within the scope of their duties for you;

*See Ex. 3*, p. 2 of 12 (emphasis in original).

 26. The Policy defines "Professional legal services" as follows:

  16. **Professional legal services** means services performed or advice given by you or on your behalf, including pro bono services performed with the written consent of the **named insured**, for others in the conduct of your practice as a:

   a. Lawyer;
   b. Real estate title insurance agent;
   c. Notary public;
   d. Arbitrator;
   e. Mediator;
   f. Lobbyist;
   g. Member, director, or officer of any attorneys' bar association, its governing board or any of its committees; or
   h. Administrator, conservator, executor, guardian, trustee, receiver, or any similar fiduciary capacity.

*See Ex. 3*, p. 3 of 12 (emphasis in original).

 27. The Policy contains the following exclusion:

  This insurance does not apply to **claims**:

   **9**. Arising out of a negligent act, error, omission, **personal injury** or **non-profit service** occurring prior to the inception date of this policy if any **insured** prior to the inception date knew or could have reasonably foreseen that such negligent act, error, omission or **personal injury** might be expected to be the basis of a **claim**.

*See Ex. 3*, p. 8 of 12 (emphasis in original).

 28. The Policy excludes coverage for claims arising out of a negligent act, error, or omission occurring prior to the inception date of the Policy if ***any insured*** prior to the inception date knew or could have reasonably foreseen that a negligent act, error, or omission might be expected to be the basis of a claim. *See Ex. 3*, p. 8 of 12.

 29. Mattmiller is an insured under the Policy.

30. Erika Ashley's and Chase's claims arise out of the negligent act in preparing the Jones Will while rendering professional legal services at Bullock.

31. Mattmiller knew or could have reasonably foreseen that the negligent act in drafting the Jones Will might be expected to be the basis of a claim by Erika Ashley and/or Chase before the inception of the Policy.

32. Accordingly, Twin City is neither obligated to defend nor indemnify Mattmiller and Bullock for the claims made by Erika Ashley or Chase.

## **REQUEST FOR DECLARATORY RELIEF**

33. All conditions precedent to the relief requested by Twin City have been performed or have occurred.

34. Mattmiller and Bullock have demanded Twin City defend and indemnify them under the Policy with respect to Erika Ashley's and Chase's claims arising from the negligence in preparing the Jones Will and Twin City denies any such obligations.

35. There is an actual case and controversy existing between the parties as to whether Twin City is obligated to defend and/or indemnify Mattmiller and Bullock for Erika Ashley's and Chase's claims arising from the negligent preparation of the Jones Will.

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and FRCP 57, this Court is vested with the power to declare the rights and liabilities of the parties and to give such other and further relief that may be necessary.

37. Twin City has no adequate remedy at law and this is a proper case for which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, respectfully demands judgment be entered in its favor against Defendants M. Scott Mattmiller, Bullock & Coffman, LLP, Erika Ashley Jones, Chase Jones, and Estate of Marion C. Jones, declaring as follows:

A. Twin City is not obligated to defend and/or indemnify M. Scott Mattmiller or Bullock & Coffman, LLP for Erika Ashley's and Chase's claims arising from the preparation of the Jones Will; and

B. Awarding Twin City any and all other relief to which it may to be entitled, including an award of costs.

Respectfully submitted,

/s/ *Lindsay Meredith Gray*
Lindsay Meredith Gray
Wilson Elser Moskowitz Edelman and Dicker LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Phone: (502) 238-8541
Fax: (502) 238-7842
Lindsay.gray@wilsonelser.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2019, I electronically filed the aforesaid document(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system and/or U.S. Mail. Parties may access this filing through the Court's system.

/s/ *Lindsay Meredith Gray*