UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Civil Case No. ) 5:19-cv-344-JMH ) |
| v. | ) **MEMORANDUM OPINION** ) **AND ORDER** |
| M. SCOTT MATTMILLER, *et al.*, | ) ) |
| Defendants. | ) |

\*\* \*\* \*\* \*\* \*\*

This matter comes before the Court on Defendant M. Scott Mattmiller's Motion for Judgment on the Pleadings [DE 6], Plaintiff Twin City Fire Insurance Company's ("Twin City") Motion to Dismiss [DE 18] pursuant to Federal Rule of Civil Procedure 41(a)(2), and the Parties' Joint Status Report [DE 19]. Having considered the matter fully, and being otherwise sufficiently advised, the Court will deny Mattmiller's Motion for Judgment on the Pleadings [DE 6] as moot and Twin City's Motion to Dismiss [DE 18] will be granted in part and denied in part, as explained below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 27, 2019, Twin City filed its Complaint for Declaratory Judgment [DE 1] seeking judgment in its favor in the form of a declaration that Twin City is not obligated to either defend or indemnify Mattmiller or the law firm he was working for, Defendant Bullock & Coffman, LLP (the "Firm"), for Defendants Erika

Ashley Jones (previously "Erika Ashley") and Chase Jones' claims arising out of Mattmiller's preparation of Marion C. Jones's Will [DE 1-2]. When drafting the Will [DE 1-2], Mattmiller included the following erroneous, ambiguous provision:

> I hereby give, bequeath, devise and distribute all cash proceeds and residual from the sale and liquidation identified in Article IV (1) above as follows: ***thirty percent (70%)*** to my companion, Erika Ashley, per stirpes and ***seventy percent (30%)*** to my child, Chase Jones, per stirpes.

[DE 1-2, at 2 (emphasis added)]. Shortly after Marion C. Jones's death on August 12, 2018, counsel for his Estate identified the error. [DE 1, at 3-4]. In an August 27, 2018, letter to counsel for the Estate, Mattmiller acknowledged what he described as an "apparent ambiguity," enclosed his fifty-page file, and attempted to explain Marion C. Jones's intent. [DE 26-4]. Specifically, Mattmiller explained that Marion C. Jones used a "hand-written mark-up" to "revise the distribution percentages of his residual estate to reflect a 70% distribution to his companion Erika Ashley per stipes and 30% distribution to his child, Chase Jones per stirpes." *Id*. at 2. Prior to the hand-written revisions, the draft Will provided Erika Ashley 30% and Chase Jones 70%. [DE 21, at 2].

On September 1, 2018, Twin City issued a Lawyers Professional Liability Insurance Policy, Policy No. LS 1621243 (the "Policy"), to the Firm. [DE 26-5]. On May 3, 2019, after Mattmiller left the Firm and began working at Mattmiller Crosbie, PLLC, Mattmiller

sent Twin City a letter with an attached Notice of Claim explaining that he was approached by the Estate's counsel regarding the amount of Mattmiller's liability insurance deductible. [DE 26-6]. In a May 16, 2019, follow-up reservation of rights letter, Twin City accepted the "matter as notice of circumstance which may give rise to a claim . . ." and advised Mattmiller as follows:

> Should an actual claim arise from these circumstances you must immediately give us notice of such claim with all supporting information and documents, including but not limited to any summons, complaint, written demand, notice of arbitration or similar document. Failure to provide such immediate notice may result in denial of coverage for the claim.

[DE 26-7, at 3-4].

On June 11, 2019, Erika Jones's counsel made a settlement demand against Mattmiller, which Twin City considered a claim. [DE 26, at 2]. On June 26, 2019, Chase Jones's counsel also made a settlement demand. *Id*. at 3. On August 8, 2019, Twin City sent Mattmiller a supplemental reservation of rights letter detailing Erika Jones and Chase Jones' claims against Mattmiller and finding the following:

> The Policy's inception date is September 1, 2018. It is Twin City's position when you sent the letter to Mr. Todd on August 27, 2018 (and at some point before that date), you knew or could have reasonably foreseen your error in the preparation of Mr. Jones' will might be expected to be the basis of a claim.
>
> Accordingly, it is Twin City's position the Policy does not provide coverage for the claims asserted by Erika Ashley or Chase Jones. Twin City reserves its right to deny coverage to you. Twin City's defense to you is being

3

> provided subject to the complete reservation of any and all rights it may have with regard to the terms and conditions of the policy to deny you coverage, including a defense.
>
> . . .
>
> Twin city reserves the right to withdraw from the defense of these claims or refuse to indemnify based upon the facts and circumstances presented with respect to the coverages afforded by the Policy. Twin City expressly reserves all its rights to deny defense and indemnity to you.

[DE 26-8, at 5]. As previously mentioned herein, on August 27, 2019, Twin City filed its Complaint [DE 1] with the Court. Since Twin City was aware of ongoing settlement negotiations regarding Erika Jones and Chase Jones's claims, Twin City withheld "service of this Complaint on all defendants so as to allow all interested parties to discuss settlement of all claims including the coverage issue at a mediation in the next 30 to 45 days." [DE 26-9].

On September 9, 2019, Mattmiller acknowledged service and waived "any and all further notice, service, and issuance of process and acknowledge[d] that an affirmative response to the Complaint for Declaratory Judgment w[ould] be due on or before November 10, 2019." [DE 26-10]. On November 8, 2019, Mattmiller filed an Answer, Counterclaim Against Twin City, and Crossclaim Against Bullock & Coffman, LLP [DE 5] and a Motion for Judgment on the Pleadings [DE 6], which will be discussed further herein. That same day, Mattmiller also filed a Motion to Hold Proceedings in Abeyance [DE 7], so the Parties could continue their efforts to

resolve this matter by settlement, which the Court granted, holding this matter in abeyance until December 16, 2019, [DE 9]. The abeyance was later extended to January 16, 2020. [DE 15; DE 16]. On January 15, 2020, Twin City filed the present Motion to Dismiss [DE 18] and the Parties filed a Joint Status Report [DE 19] that, like Twin City's Motion [DE 18], explained their efforts toward settlement, which the Court will discuss further herein.

## II. DISCUSSION

Where a defendant has filed an answer and the defendant has not joined all the parties in agreeing to a stipulation of dismissal, a plaintiff may not dismiss an action without a court order under Federal Rule of Civil Procedure 41(a)(1). In such an instance, as in the present case, Federal Rule of Civil Procedure 41(a)(2) provides:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

Here, prior to being served with Twin City's Motion to Dismiss [DE 18], Defendant M. Scott Mattmiller pleaded a counterclaim against Twin City and a crossclaim against the Firm. [DE 5]. The Parties' January 16, 2020, Joint Status Report [DE 19] states,

5

"All claims on behalf of [Defendants] Erika Ashley Jones ('Erika') and Chase Jones ('Chase') against M. Scott Mattmiller ('Mattmiller') and Bullock & Coffman, LLP (the 'Firm') have been resolved by settlement. Twin City will pay the settlement amounts to Erika and Chase on behalf of Mattmiller and the Firm." Twin City believes the settlement and consent from Mattmiller and the Firm render Mattmiller's counterclaims and crossclaim moot. *Id.* While Mattmiller agrees that the settlement and consent moot his counterclaims and crossclaim against the Firm and Twin City for declaratory judgment, he "disagrees and does not stipulate to the dismissal of his counterclaims against Twin City for alleged bad faith, violation of the Kentucky Consumer Protection Act, and Punitive Damages . . . ." *Id.* (citations omitted). Considering the claims found in the Complaint for Declaratory Judgment [DE 1] are no longer at issue due to the settlement, the Court will deny Mattmiller's Motion for Judgment on the Pleadings [DE 6] as moot.

On January 21, 2020, the Court held this matter in abeyance until the undersigned enters an order either granting or denying Twin City's Motion to Dismiss [DE 18], directed Mattmiller to file a response to Twin City's Motion to Dismiss [DE 18] explaining whether his counterclaims can remain pending for independent adjudication, and provided Twin City the opportunity to file a reply in support of its Motion to Dismiss [DE 18]. As directed, Mattmiller filed a Response [DE 21], and Twin City subsequently

6

filed a Reply [DE 26]. Accordingly, this matter is fully briefed and ripe for review.

First, the Court must determine whether the "counterclaim can remain pending for independent adjudication by the court." Fed. R. Civ. P. 41(a)(2). "If the answer is yes, then the Court may proceed to determine whether the plaintiff should be permitted to dismiss the action. On the other hand, if the counterclaim cannot exist alone, the Court is precluded from allowing the action to be dismissed." *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 354 (E.D.N.Y. Apr. 12, 2002).

As previously mentioned, only Mattmiller's counterclaims against Twin City regarding alleged bad faith, violation of the Kentucky Consumer Protection Act, and punitive damages remain at issue. [DE 19]. Mattmiller alleges his counterclaims against Twin City "originate from the inconsistent positions taken by Twin City in its initial communications to Mattmiller and with the handling of the alleged coverage disputes thereafter." [DE 21, at 1-2]. Specifically, he alleges the following:

> Twin City was obligated to pay the claim, that Twin City falsely misrepresented the terms of its policy and placed him at financial risk to avoid settling the claim after he had given consent to settle, which was an unreasonable basis to deny payment of the claim, and that Twin City knew it lacked such a basis.

*Id.* at 8.

Both Mattmiller and Twin City spend an inordinate amount of time in their respective Response [DE 21] and Reply [DE 26] arguing over Mattmiller's counterclaims against Twin City, but their arguments are better suited for briefing related to a dispositive motion regarding the counterclaims. Twin City's Motion [DE 18] "moves the Court pursuant to FRCP 41(a)(2) to dismiss this action in its entirety." [DE 18, at 3]. Moreover, Twin City's Proposed Order [DE 18-1] attached to its Motion [DE 18] further clarifies that the requested relief is dismissal under Rule 41(a)(2). Therefore, what is presently before the Court is whether the counterclaims can remain pending for independent adjudication not whether the counterclaims should proceed or be dismissed.

Twin City summarily asserting that Mattmiller's crossclaim and counterclaims are rendered moot by the settlement of the claims against Mattmiller, *see* [DE 18], appears to have created confusion regarding what Twin City was arguing because Mattmiller's Response [DE 21] is drafted as a response to a more common motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Twin City's Reply [DE 26] addressed the arguments in Mattmiller Response [DE 21], leading to two briefs that have little to no relation to the initial Motion [DE 18] and the relief Twin City seeks under Rule 41(a)(2).

To the extent Twin City seeks to dismiss Mattmiller's counterclaims, its Motion [DE 18] does not satisfy the requirements

8

of Local Rule 7.1(a), which states, "A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." Twin City's Reply [DE 26] does nothing to rectify the deficiencies in Twin City's brief argument regarding Mattmiller's counterclaims, as the Reply [DE 26] fails to show how the settlement renders Mattmiller's counterclaims against Twin City moot and merely attempts to prove that Mattmiller's bad faith and Kentucky Consumer Protection Act counterclaims cannot proceed. This is an odd argument to make in relation to a request for relief under Rule 41(a)(2) because if Mattmiller's counterclaims against Twin City cannot proceed independently, Twin City's Rule 41(a)(2) Motion [DE 18] may not be granted. Therefore, the Court will deny Twin City's Motion [DE 18], insofar as it can be construed as a request that the Court dismiss Mattmiller's counterclaims against Twin City.

"Rule 41(a)(2) prohibits voluntary dismissal only where the counterclaim cannot remain pending for independent adjudication, that is, where there is no independent jurisdictional basis for the claim." *J-Rich Clinic, Inc. v. CosMedic Concepts, Inc.*, No. 02-CV-74324-DT, No. 03-CV-71750-DT, 2005 WL 8154355, at *2 (E.D. Mich. Jan. 13, 2005). "'[T]he pendency of a compulsory counterclaim will not defeat dismissal,' under Rule 42(a)(2) 'since the court may retain jurisdiction over a compulsory counterclaim under Rule 13 so long as it had subject matter jurisdiction over the main

claim.'" *Matthews v. Owens*, No. 2:13-cv-1071, 2015 WL 5380857, at *2 (S.D. Ohio Sept. 15, 2015) (quoting *Eberhard Inv. Associates, Inc. v. Santino*, No. 01 CIV.3840 LMM, 2004 WL 594728, at *1-2 (S.D.N.Y. Mar. 25, 2004))). A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1).

Kentucky bad faith and Consumer Protection Act claims, such as those brought by Mattmiller in his counterclaims against Twin City, are compulsory counterclaims in a declaratory judgment action because they arise out of the same transaction or occurrence and require the counterclaimant to "develop a legal case that incorporates the prior declaration of coverage but also requires additional proof." *Holbrook v. Shelter Ins. Co.*, 186 F. App'x 618, 620 (6th Cir. 2006). For instance, to prevail on his bad faith claim, Mattmiller must show that he was covered by Twin City's policy and that Twin City lacked a reasonable basis for denying coverage. *See Holbrook*, 186 F. App'x at 620 (citing *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). Neither Mattmiller nor Twin City asserts there is no independent jurisdictional basis for the claim. Mattmiller and Twin City are citizens of different states, and Twin City's original claims were for an amount exceeding $75,000.00. [DE 1, at 3]. Just as the Court has subject

10

matter jurisdiction over Twin City's original action pursuant to 28 U.S.C. § 1332, it retains jurisdiction over Mattmiller's compulsory counterclaims against Twin City, meaning Mattmiller's counterclaims against Twin City may remain pending for independent adjudication. For the foregoing reasons, the Court finds that Twin City is entitled to voluntarily dismiss the original action under Rule 41(a)(2) with prejudice and that Mattmiller's crossclaim against the Firm and his counterclaims against Twin City for declaratory judgment shall be dismissed with prejudice because Mattmiller agrees they are rendered moot by the settlement and consent. However, Mattmiller's counterclaims against Twin City for alleged bad faith, violation of the Kentucky Consumer Protection Act, and punitive damages shall remain pending for independent adjudication. Accordingly,

**IT IS ORDERED** as follows:

(1) Mattmiller's Motion for Judgment on the Pleadings [DE 6] is **DENIED AS MOOT**;

(2) Twin City's Motion to Dismiss [DE 18] is **GRANTED IN PART**, insofar as it seeks voluntary dismissal of the original action under Rule 41(a)(2), and **DENIED IN PART**, insofar as it requests dismissal of Mattmiller's counterclaims against Twin City;

(3) Twin City's Complaint for Declaratory Judgment [DE 1] and Mattmiller's counterclaims against Twin City for declaratory

11

judgment and crossclaim against Defendant Bullock & Coffman, LLP are **DISMISSED WITH PREJUDICE**;

(4) Mattmiller's counterclaims against Twin City for alleged bad faith, violation of the Kentucky Consumer Protection Act, and punitive damages **REMAIN PENDING** for independent adjudication; and

(5) This matter is **NO LONGER HELD IN ABEYANCE.**

This 1st day of July, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge