UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>M. SCOTT MATTMILLER, *et al.*, )<br>)<br>    Defendants. ) | Civil Case No.<br>5:19-cv-344-JMH<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter comes before the Court on Plaintiff Twin City Fire Insurance Company's ("Twin City") Rule 59(e) Motion to Alter or Amend [DE 28] requesting that the Court "alter or amend its July 1, 2021, Memorandum Opinion and Order [DE 27] to reinstate Twin City's Complaint for Declaratory Relief to allow for a determination regarding coverage to be made before M. Scott Mattmiller's counterclaims for bad faith, violation of the Consumer Protection Act, and punitive damages are litigated." [DE 28, at 1]. For the following reasons, the Court will deny Twin City's Motion [DE 28].

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 27, 2019, Twin City filed its Complaint for Declaratory Judgment [DE 1] seeking judgment in its favor in the form of a declaration that Twin City is not obligated to either defend or indemnify Mattmiller or the law firm he was working for,

Defendant Bullock & Coffman, LLP (the "Firm"), for Defendants Erika Ashley Jones (previously "Erika Ashley") and Chase Jones' claims arising out of Mattmiller's preparation of Marion C. Jones's Will [DE 1-2]. When drafting the Will [DE 1-2], Mattmiller included the following erroneous, ambiguous provision:

> I hereby give, bequeath, devise and distribute all cash proceeds and residual from the sale and liquidation identified in Article IV (1) above as follows: ***thirty percent (70%)*** to my companion, Erika Ashley, per stirpes and ***seventy percent (30%)*** to my child, Chase Jones, per stirpes.

[DE 1-2, at 2 (emphasis added)]. Shortly after Marion C. Jones's death on August 12, 2018, counsel for his Estate identified the error. [DE 1, at 3-4]. In an August 27, 2018, letter to counsel for the Estate, Mattmiller acknowledged what he described as an "apparent ambiguity," enclosed his fifty-page file, and attempted to explain Marion C. Jones's intent. [DE 26-4]. Specifically, Mattmiller explained that Marion C. Jones used a "hand-written mark-up" to "revise the distribution percentages of his residual estate to reflect a 70% distribution to his companion Erika Ashley per stipes and 30% distribution to his child, Chase Jones per stirpes." *Id*. at 2. Prior to the hand-written revisions, the draft Will provided Erika Ashley 30% and Chase Jones 70%. [DE 21, at 2].

On September 1, 2018, Twin City issued a Lawyers Professional Liability Insurance Policy, Policy No. LS 1621243 (the "Policy"), to the Firm. [DE 26-5]. On May 3, 2019, after Mattmiller left the

2

Firm and began working at Mattmiller Crosbie, PLLC, Mattmiller sent Twin City a letter with an attached Notice of Claim explaining that he was approached by the Estate's counsel regarding the amount of Mattmiller's liability insurance deductible. [DE 26-6]. In a May 16, 2019, follow-up reservation of rights letter, Twin City accepted the "matter as notice of circumstance which may give rise to a claim . . ." and advised Mattmiller as follows:

> Should an actual claim arise from these circumstances you must immediately give us notice of such claim with all supporting information and documents, including but not limited to any summons, complaint, written demand, notice of arbitration or similar document. Failure to provide such immediate notice may result in denial of coverage for the claim.

[DE 26-7, at 3-4].

On June 11, 2019, Erika Jones's counsel made a settlement demand against Mattmiller, which Twin City considered a claim. [DE 26, at 2]. On June 26, 2019, Chase Jones's counsel also made a settlement demand. *Id*. at 3. On August 8, 2019, Twin City sent Mattmiller a supplemental reservation of rights letter detailing Erika Jones and Chase Jones' claims against Mattmiller and finding the following:

> The Policy's inception date is September 1, 2018. It is Twin City's position when you sent the letter to Mr. Todd on August 27, 2018 (and at some point before that date), you knew or could have reasonably foreseen your error in the preparation of Mr. Jones' will might be expected to be the basis of a claim.
>
> Accordingly, it is Twin City's position the Policy does not provide coverage for the claims asserted by Erika

3

> Ashley or Chase Jones. Twin City reserves its right to deny coverage to you. Twin City's defense to you is being provided subject to the complete reservation of any and all rights it may have with regard to the terms and conditions of the policy to deny you coverage, including a defense.
>
> . . .
>
> Twin city reserves the right to withdraw from the defense of these claims or refuse to indemnify based upon the facts and circumstances presented with respect to the coverages afforded by the Policy. Twin City expressly reserves all its rights to deny defense and indemnity to you.

[DE 26-8, at 5]. As previously mentioned herein, on August 27, 2019, Twin City filed its Complaint [DE 1] with the Court. Since Twin City was aware of ongoing settlement negotiations regarding Erika Jones and Chase Jones's claims, Twin City withheld "service of this Complaint on all defendants so as to allow all interested parties to discuss settlement of all claims including the coverage issue at a mediation in the next 30 to 45 days." [DE 26-9].

On September 9, 2019, Mattmiller acknowledged service and waived "any and all further notice, service, and issuance of process and acknowledge[d] that an affirmative response to the Complaint for Declaratory Judgment w[ould] be due on or before November 10, 2019." [DE 26-10]. On November 8, 2019, Mattmiller filed an Answer, Counterclaim Against Twin City, and Crossclaim Against Bullock & Coffman, LLP [DE 5] and a Motion for Judgment on the Pleadings [DE 6], which will be discussed further herein. That same day, Mattmiller also filed a Motion to Hold Proceedings in

4

Abeyance [DE 7], so the Parties could continue their efforts to resolve this matter by settlement, which the Court granted, holding this matter in abeyance until December 16, 2019, [DE 9]. The abeyance was later extended to January 16, 2020. [DE 15; DE 16]. On January 15, 2020, Twin City filed the present Motion to Dismiss [DE 18] and the Parties filed a Joint Status Report [DE 19] that, like Twin City's Motion [DE 18], explained their efforts toward settlement.

On July 1, 2021, the Court entered the Memorandum Opinion and Order [DE 27] Twin City now seeks to revisit. In the Memorandum Opinion and Order [DE 27], the Court denied Mattmiller's Motion for Judgment on the Pleadings [DE 6] as moot; granted Twin City's Motion to Dismiss [DE 18] in part, insofar as it sought voluntary dismissal of the original action under Rule 41(a)(2), and denied it in part, insofar as it requested dismissal of Mattmiller's counterclaims against Twin City; dismissed Twin City's Complaint for Declaratory Judgment [DE 1] and Mattmiller's counterclaims against Twin City for declaratory judgment and crossclaim against Defendant Bullock & Coffman, LLP with prejudice; and ordered that Mattmiller's counterclaims against Twin City for alleged bad faith, violation of the Kentucky Consumer Protection Act, and punitive damages would remain pending for independent adjudication. Subsequently, Twin City filed the present Motion to Alter or Amend [DE 28], which will be discussed further herein.

5

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the entry thereof. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "[A] Rule 59(e) motion cannot be used to 'relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment,' or 'to re-argue a case.'" *J.B.F. through Stivers v. Ky. Dept' of Educ.*, 690 F. App'x 906, 906-7 (6th Cir. 2017) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## III. DISCUSSION

After reviewing the briefs on this matter, it appears what Twin City truly seeks is clarification about the application of the Court's July 1, 2021, Memorandum Opinion and Order [DE 27], namely whether the Order [DE 27] should be interpreted to mean "the issue of whether there is coverage under the policy no longer matters, which would be inconsistent with Kentucky law." [DE 30, at 1 (Twin City's Reply)]. Specifically, in Twin City's Reply [DE 30], it states:

6

> [T]o prevent manifest injustice, Twin City moves . . . to reinstate Twin City's Complaint for Declaratory Relief so that a determination regarding whether there is coverage under the policy can be made. Alternatively, Twin City asks the Court to clarify its Order to confirm it was not an adjudication on the merits regarding whether coverage exists under the policy for the claims asserted by Erika Jones and Chase Jones.

*Id*. at 1-2. While Twin City should not have made a new alternative argument in its Reply [DE 30], it is helpful in this instance.

As Twin City correctly asserts, "In its Order, the Court referred to well established Sixth Circuit case law to note that 'Mattmiller must show that he was covered by Twin City's policy and that Twin City lacked a reasonable basis for denying coverage.'" [DE 30, at 2 (quoting [DE 27, at 10])]. These are requirements for a bad faith claim under Kentucky law. *See Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). Since Mattmiller's counterclaims, including bad faith, remain pending for independent adjudication, and he must show he was covered by Twin City's policy, the Court neither intended for its Order [DE 27] to mean that coverage under the policy is no longer an issue nor did the Order [DE 27] state that. The Court agrees with Twin City's assertion "that the dismissal of both the Complaint for Declaratory Relief and Mattmiller's counterclaim regarding coverage has no effect on Mattmiller's burden of proof," including the requirement that he show he was covered by Twin City's policy. [DE 30, at 2].

7

Moreover, Mattmiller agreed his counterclaims against Twin City for declaratory judgment should be dismissed with prejudice because they were rendered moot by the settlement, *see* [DE 19], and Twin City also sought voluntary dismissal of its Complaint for Declaratory Judgment [DE 1]. The Court will not alter or amend its decision to dismiss claims the Parties either asked the Court to dismiss or agreed to dismiss because there is no change in law, new evidence, or need to correct an error of law or prevent manifest injustice that would require the Court to do so. The Court did not decide the coverage issue on the merits. Instead, Twin City and Mattmiller requested or agreed to their dismissal. Therefore, the Court will deny Twin City's Motion to Alter or Amend [DE 28] with the clarification that its previous decision did not affect Mattmiller's burden of proof, meaning that as Mattmiller proceeds with his independent adjudication, he must show that he was covered by Twin City's policy. Having considered this matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff Twin City Fire Insurance Company's Rule 59(e) Motion to Alter or Amend [DE 28] is **DENIED.**

This 15th day of September, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

8